IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ANTHONY CRUZ,

    Petitioner,                  No. CIV S-08-1604 JAM GGH P

    vs.

KEN CLARK, et al.,

    Respondents.            FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1990 conviction for murder. He is serving a sentence of twenty-six years to life. This action is proceeding on the original petition filed July 11, 2008. Pending before the court is respondent's September 4, 2008, motion to dismiss on grounds that this action is barred by the statute of limitations and that five of petitioner's claims failed to present proper federal questions.

    After carefully considering the record, the court recommends that respondent's motion to dismiss be granted.

\\\\\

\\\\\

1

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which effected amendments to the federal habeas statutes, applies to the instant petition because petitioner filed it after AEDPA's effective date of April 24, 1996. The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On May 20 1992, the California Supreme court denied petitioner's petition for direct review. Respondent's Lodged Document 4. Therefore, petitioner's conviction became final when the time for filing a petition for writ of certiorari expired 90 days later on August 18, 1992. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Since petitioner's judgment of conviction became final prior to the enactment of the AEDPA on April 24, 1996, the statute of limitations started running the day after the AEDPA's effective date and expired on April 24, 1997. See Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1058 (9th Cir. 2007). The instant action, filed July 11, 2008, is not timely unless petitioner is entitled to statutory or equitable tolling.

\\\\\

Petitioner filed three state post-conviction collateral actions:

1. June 26, 2007: first habeas petition filed in the Sacramento County Superior Court. Respondent's Lodged Document 5. On August 2, 2007, the Superior Court denied the first petition with a reasoned opinion. Respondent's Lodged Document 6.

2. September 12, 2007: second habeas petition filed in the California Court of Appeal, Third Appellate District. Respondent's Lodged Document 7. On September 13, 2007, the California Court of Appeal, Third Appellate District denied the petition with a citation to In re Consiglio, 128 Cal. App. 4th 511, 516 (2005).[1] Respondent's Lodged Document 8.

3. December 11, 2007: third habeas petition filed in the California Supreme Court. Respondent's Lodged Document 9. On June 11, 2008, the California Supreme Court denied the petition, without comment or citation. Respondent's Lodged Document 10.

In his opposition to the motion to dismiss, petitioner contends that pursuant to 28 U.S.C. § 2244(d)(1)(C), the statute of limitations began to run on January 22, 2007, the date that the Supreme Court decided Cunninghman v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), thus his petition is timely.[2]

Petitioner argues that the trial court imposed an upper term sentence by sentencing petitioner to state prison rather than to the California Youth Authority, based on facts not found true beyond a reasonable doubt by a jury.[3] Petitioner contends that the sentencing laws to sentence juveniles tried as adults uses the same type of language as the determinate sentencing law struck down by Cunningham. In Cunningham, the Supreme Court held that a judge may not

---

[1] Consiglio stands for the notion that the holding of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), which held that factual findings increasing a sentence beyond the statutory maximum must be made by the jury, was not a watershed rule of criminal procedure that must be applied retroactively to final cases.

[2] In his opposition, petitioner cites 28 U.S.C. § 2244(d)(1)(D), as the subsection that should apply to his case. Petitioner alleges that he did not discover the factual predicate of his claim until the Supreme Court ruling in Cunningham. It is unclear if petitioner was purposefully trying to opt out of the retroactivity test in 28 U.S.C. § 2244(d)(1)(C) or was simply mistaken. Regardless of how petitioner frames the issue, his argument is based on a constitutional right recognized by the Supreme Court and is more appropriately classified under § 2244(d)(1)(C).

[3] Petitioner was a juvenile at the relevant times.

3

find facts which permit the imposition of an upper term sentence. Id. at 864. Regardless of the similarities between the two sentencing schemes and even if petitioner were sentenced under the law Cunningham struck down, petitioner's argument fails.

In Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008) the Ninth Circuit concluded that Cunningham did not announce a new rule:

> Apprendi[4], Blakely[5] and Booker[6] made "courts throughout the land' aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Citation omitted.] No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review. Cunningham thus did not announce a new rule of constitutional law and may be applied retroactively on collateral review.

Butler, 528 F.3d at 639.

In Butler, 528 F.3d at 634 n. 9, the Ninth Circuit identified the key question:

> Whether Butler asks us to apply to him a Supreme Court decision issued after his conviction became final, or to announce the very holding that the Supreme Court arrived at in a case decided after his conviction became final, we must determine whether the result he requests was "dictated" by precedent before his conviction was final. See Caspari v. Bohlen, 510 U.S. 383, 395-96, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994) (determining whether the result that the petitioner was arguing for in his collateral review proceeding would require creation of a new rule in violation of Teague). The pivotal question is thus the same either way: did Apprendi, Blakely or Booker compel the conclusion that California's DSL law violates the Sixth Amendment?

In determining that Cunningham was "clearly dictated by the Supreme Court's Sixth Amendment case law, in particular Blakely ...," the Ninth Circuit expressly noted that

---

[4] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) held that other than the fact of a prior conviction, any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

[5] Blakely v. Washington, 542 U.S. 296, 542 S.Ct. 296 (2004) held that the relevant statutory sentencing maximum is the maximum sentence a judge may impose solely based on the facts reflected in the jury's verdict or admitted by defendant.

[6] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), in addressing the constitutionality of the federal sentencing guidelines, held that if a fact necessarily results in a mandated higher sentence, the fact must be admitted by the defendant or found by the jury.

4

Blakely had been decided before Butler's conviction had become final. Butler, 528 F.3d at 628. In the instant case, this court has found that petitioner's conviction was final on August 18, 1992, and the statute of limitations expired on April 24, 1997, one year after the enactment of the AEDPA. Assuming either Blakely's or Apprendi's applicability to the instant action, neither saves this claim as those cases were decided after petitioner's conviction became final, i.e. on June 24, 2004, and June 26, 2000.

More importantly, petitioner mistakes the usual rule for applying law retroactively to the merits of an issue with the statute of limitations analysis of § 2244(d)(1)(C). The latter analysis has a dual requirement: 1) a newly recognized rule; and 2) made retroactive to cases on collateral review. Apprendi, Blakely and Booker were determined to be new rules, but not retroactive, thereby not satisfying the second requirement.[7] Cunningham has been determined to be retroactive to cases on collateral review, but not a new rule, thereby not satisfying the first requirement. Therefore, the alternative start date of subsection (C) for petitioner's case is not implicated by any of the cases. The statute of limitations analysis is governed by the "usual" rule – subsection (A).

Accordingly, the instant petition is untimely unless petitioner is entitled to statutory or equitable tolling.

### Statutory Tolling

AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). The time prior to collateral review is not subject to statutory tolling. See Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007). On collateral review, however, "intervals

---

[7] See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir. 2005) (Apprendi not retroactive); Schardt v. Payne, 414 F.3d 1025, 1033-1038 (9th Cir. 2005) (Blakely is not retroactive); U.S. v. Cruz, 423 F.3d 1119 (9th Cir. 2005) (Booker not retroactive).

between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending,' " thus tolling the limitations period. Carey v. Saffold, 536 U.S. 214, 223, 122 S.Ct. 2134 (2002).

Once the federal limitations period began running, petitioner did not file a habeas petition until June 2007, more than 10 years after the expiration of the statute of limitations. When, as here, the AEDPA limitations period expires prior to the filing of an application for collateral relief in state court, statutory tolling is not available. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (stating that delay in filing state habeas petition until after AEDPA limitations period had expired "resulted in an absolute time bar to refiling after [the petitioner's] state claims were exhausted"). Thus, petitioner is not entitled to any statutory tolling.

Equitable Tolling

The AEDPA's one-year statute of limitations is also subject to equitable tolling but only if a petitioner can show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Pace v. Diguglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418, 125 S.Ct. at 1814. "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotations/citations omitted [emphasis added in Miranda]). A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest the exceptions swallow the rule." Id.

Petitioner does not identify any ground that would entitle him to equitable tolling. The court finds nothing in the record that would provide for such a remedy.

Thus, petitioner's petition is barred by the statue of limitations.

\\\\\

\\\\\

III. Federal Question

Because the court has found that the petition should be dismissed as untimely, the court will not address if five of petitioner's claims presented proper federal questions.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's September 4, 2008, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 03/31/09

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

ggh: ab
cruz1604.mtd